UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 13-75** |
| **JUSTIN DOUCET** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Modify a Term of Supervised Release (Doc. 53).

On October 19, 2022, Defendant Justin Doucet filed a *pro se* motion requesting early termination of his term of supervised release. In October 2014, Defendant was sentenced to 60 months incarceration and 5 years supervised release for Receipt of Materials Involving the Sexual Exploitation of Minors. He has completed more than half of his term of supervised release and asks this Court to release him from further supervision. He alleges that the travel and technology restrictions of his supervision have prevented him from furthering his career and reintegrating into society. Defendant contends that he has been in full compliance with the terms of his supervision and is

1

"doing everything [he] can to be a model citizen."[1] The Government has opposed his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[2] The district court has broad discretion in considering requests for early termination of supervised release.[3] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[4]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. He contends only that he has been offered positions with his current employer that would increase his income and further his career but that he has been precluded from accepting these positions because the travel conditions of his supervised release prevent him from traveling to neighboring states for required meetings. The Court does not find that Defendant's desire to obtain more lucrative employment is a changed circumstance warranting early termination of

---

[1] Doc. 53.
[2] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).
[3] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).
[4] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

supervised release.[5] "Other courts have similarly concluded that employment limitations are not necessarily sufficient to warrant early termination."[6] Further, "[c]ompliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[7] Finally, the Court finds that given the nature of Defendant's offense, continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.[8]

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 26th day of May, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See* United States v. Arledge, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *2 (S.D. Miss. June 3, 2015).

[6] United State v. Reed, No. CR 15-100, 2020 WL 4530582, at *3 (E.D. La. June 5, 2020) (and cases cited therein); United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022) ("Pitman's desire to travel to larger markets within the State of Texas in relation to his job as a User Experience and User Interface (UX/UI) Designer is not a new or exceptional circumstance.").

[7] *Pitman*, 2022 WL 2328868, at *2.

[8] Defendant's offense involved almost 60,000 images of child pornography.